560 July 15, 2026 No. 677

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of E. D.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. G.,
aka A. B.,
*Appellant.*

Deschutes County Circuit Court
23JU04952; A189456

Bethany P. Flint, Judge.

Argued and submitted June 17, 2026.

Kyle Sessions Vazquez, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Erin K. Galli, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Paul L. Smith, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and Leith, Senior Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

In this juvenile dependency case, father appeals from a judgment in which the juvenile court changed the permanency plan for his child, E, aged two years old at the time of the permanency hearing, from reunification to adoption.[1] Father challenges the court's rulings that the efforts of the Oregon Department of Human Services (ODHS) were reasonable and that father's progress toward reunification was insufficient. He additionally asserts that the court improperly relied on evidence extrinsic to the adjudicated bases in making those determinations. Finally, he challenges the overall decision to change E's plan away from reunification. We affirm.

Father has not requested that we review *de novo*, and we do not exercise our discretion to engage in such review in this case. We are therefore bound by the juvenile court's findings of historical fact—including what reunification efforts ODHS made and what actions the parent took—if there is any evidence in the record to support them. *Dept. of Human Services v. Y. B.*, 372 Or 133, 151, 546 P3d 255 (2024). We review the juvenile court's determinations that ODHS's efforts have been reasonable and that the parent's progress is insufficient for errors of law. *Dept. of Human Services v. T. R. P.*, 344 Or App 375, 377, 580 P3d 365 (2025).

Except in specific circumstances not applicable here, the juvenile court is authorized to change a child's permanency plan from reunification to adoption if the proponent of that plan change, typically and in this case ODHS, proves that ODHS's efforts to reunify the parent and child have been reasonable and that, despite those reasonable efforts, the parent's progress toward reunification has been insufficient. ORS 419B.476(2)(a); *Dept. of Human Services v. L. M. K.*, 319 Or App 245, 252, 510 P3d 278 (2022). "[B]oth [ODHS's] efforts and a parent's progress are evaluated by reference to the facts that formed the bases for juvenile court jurisdiction." *Dept. of Human Services v. N. T.*, 247 Or App 706, 715, 271 P3d 143 (2012). That is, the court may only rely on facts that are "explicitly stated or fairly implied

---

[1] Mother is deceased.

by the jurisdictional judgment" in making its determinations regarding ODHS's reunification efforts and the parent's progress. *Id.* at 715-16.

ODHS's reunification efforts are "reasonable" when they "focus on ameliorating the adjudicated bases for jurisdiction" and "give parents a reasonable opportunity to demonstrate their ability to adjust their conduct and become minimally adequate parents." *Dept. of Human Services v. L. L. S.*, 290 Or App 132, 138, 413 P3d 1005 (2018) (internal quotation marks omitted). A parent need not completely ameliorate the bases for dependency jurisdiction for their progress to be "sufficient." *Y. B.*, 372 Or at 146. Instead, a parent's progress is "sufficient" if it would make the child's safe return home possible, with or without continued services and support. *Id.* at 154. Conversely, "[e]ven if a parent has completed all services that have been required, evidence that a parent continues to engage in behavior that is harmful to a child supports a determination that the parent has not made sufficient progress to make it possible for the child to return home." *Dept. of Human Services v. G. N.*, 263 Or App 287, 297, 328 P3d 728, *rev den*, 356 Or 638 (2014).

We start with father's assertion that the juvenile court relied on extrinsic evidence unrelated to the jurisdictional basis in making its determination. We have serious doubts whether that issue was preserved in the juvenile court. However, we assume, without deciding, that the issue was preserved and proceed to address the merits. The court initially established jurisdiction over E based on father's admission to a single jurisdictional basis: "The father needs the support of the agency to learn the necessary skills to manage his impulsivity in stressful situations in a manner that supports parenting the child safely." Father asserts that the court improperly relied on his mental health in general as justification for changing the plan, when it noted his maladaptive coping mechanisms, failure to be candid about his mental health history, and unwillingness to address his mental health issues in treatment. Father asserts that his mental health was not a basis for jurisdiction, and was not fairly implied by the jurisdictional basis relating to his "impulsiveness," and that the basis therefore did not

adequately notify him that treatment of his mental health issues was required in order to terminate jurisdiction.

We are not convinced by father's argument. Father's behaviors were being addressed through mental health treatment. The juvenile court specifically linked its findings to father's treatment records that addressed his impulsivity, which led to reactivity, risky behaviors, tendencies towards violence, and maladaptive coping mechanisms, all of which the court concluded impacted his ability to safely parent E. Father acknowledged in his testimony that he was aware of what ODHS wanted to see him work on in his mental health treatment, despite thinking that ODHS was "overreacting" with respect to treating his impulsivity as a threat to E. We readily conclude that the juvenile court did not improperly rely on evidence extrinsic to the established jurisdictional basis because the court relied on aspects of father's mental health that were fairly implied by the jurisdictional allegation relating to father's impulsivity in stressful situations.

Having reviewed the record, we conclude that the juvenile court did not err in determining that ODHS made reasonable efforts to reunify father with E. Father asserts that the efforts were not reasonable because the they were focused on his mental health instead of the actual adjudicated basis. He further argues that because he engaged in all required services, and was still found to have not made sufficient progress, the services were not reasonable. We again have doubts that father's arguments were preserved, but, even assuming that they were, we reject both arguments on the merits. As noted above, the jurisdictional basis was related to father's mental state, and the record reflects that his impulsiveness and reactivity were being specifically addressed through individual and group counseling. Father was additionally provided with parent mentoring services, case management, and family visits. The juvenile court did not err in concluding that those efforts were reasonable. The reasonableness of efforts is measured against the jurisdictional bases and whether they provide the parent with the *opportunity* to address those bases. *L. L. S.*, 290 Or App at 138. The parent's progress is assessed separately.

Father additionally asserts that the efforts were not reasonable because ODHS failed to order a second psychological evaluation. Shortly after jurisdiction was established, father attended an evaluation with Dr. Lee. Lee was ultimately unable to offer a specific diagnosis or tailored treatment recommendations due to father's unreliable reports during the evaluation. Lee did note that father "clearly presents as somewhat emotionally reactive, uninhibited, and impulsive," and stated that father should continue in individual therapy to focus on "helping him address his impulsive decision-making and distorted thought process," and indicated that father would benefit from cognitive behavioral therapy. Father points to the fact that the juvenile court lamented the lack of a "guidepost" or "roadmap" as to what specific supports father needed, and asserts that the lack of guidance should have precluded the court from concluding that ODHS's efforts were reasonable, and instead should have led ODHS to order another evaluation.

We disagree. In making a determination about whether efforts are reasonable, the juvenile court must consider "not only the burdens that the state would shoulder in providing those services, but also what benefit might reasonably be expected to flow from them." *Dept. of Human Services v. M. K.*, 257 Or App 409, 416, 306 P3d 763 (2013). A juvenile court may reasonably consider that a parent is unable to benefit from services or has demonstrated an unwillingness to participate. *Id.* at 416-17 (compiling cases). Here, as the court noted, and father did not dispute, the limitations of Lee's evaluation were "not attributable to anybody except for [father]." Father acknowledged in his testimony that he thought the whole process of ODHS involvement with his family was "ridiculous" and called his counseling "BS" and stated that he hated it. Despite those issues, and the lack of specific guidance from the psychological evaluation, the court noted that father had begun rigorous treatment several months prior to the hearing, and that treatment addressed father's impulsivity and maladaptive coping mechanisms. In light of the fact that father was engaged in treatment directed at the jurisdictional basis, we conclude that ODHS's efforts were not rendered unreasonable by the failure to order a second psychological exam.

Once again, assuming without deciding that the issue was preserved, we finally conclude that the juvenile court did not err in determining that father's progress toward reunification was insufficient. The juvenile court engaged in a thorough discussion of father's treatment records, including noting a lack of progress, persistent dysregulation, an inability to implement skills, and ongoing maladaptive coping mechanisms in response to difficult and stressful situations. Those difficulties continued through the time leading up to the hearing.

Accordingly, the court did not err in changing E's permanency plan from reunification to adoption.

Affirmed.